# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| HONG YIN, | Civil No. 08-6512 (JRT/FLN) |
| Plaintiff, | |
| v. | |
| DENISE FRAZIER, District Director, Saint Paul District Office, U.S. Citizenship and Immigration Services; EMILIO T. GONZALEZ, Director, U.S. Citizenship and Immigration Services; MICHAEL CHARTOFF, Secretary of U.S. Department of Homeland Security; MICHAEL B. MUKASEY, United States Attorney General, | **ORDER REJECTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE** |
| Defendants. | |

Marcus A. Jarvis, **JARVIS & ASSOCIATES, PC**, 13630 Oakwood Curve, Burnsville, MN 55337, for plaintiff.

Lonnie F. Bryan, Assistant United States Attorney, **UNITED STATES ATTORNEY'S OFFICE**, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for defendants.

On December 21, 2008, plaintiff Hong Yin, a Chinese citizen, brought this action requesting that the Court make a determination on her application for naturalization after the United States Citizenship and Immigration Service ("USCIS") failed to issue a decision on Yin's appeal of a previously denied application. On February 19, 2009, the USCIS denied Yin's administrative appeal. On March 2, 2009, defendants filed a motion to dismiss or in the alternative for summary judgment, and on March 17, 2009, Yin filed

a motion to compel defendants to answer her complaint, for summary judgment, and for an order directing the USCIS to grant her citizenship.

On July 6, 2009, United States Magistrate Judge Franklin L. Noel issued a Report and Recommendation recommending that the Court grant defendants' motion and deny Yin's motion. Yin filed objections to the Report and Recommendation, and defendants filed a response, which objected to the Magistrate Judge's conclusion that the Court has jurisdiction over the case. The Court reviews *de novo* those portions of the Report and Recommendation to which the parties object. *See* 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2. For the reasons set forth below, the Court sustains defendants' objections relating to the Court's jurisdiction, overrules Yin's objections as moot, rejects the Magistrate Judge's Report & Recommendation, and orders the case transferred to the United States District Court for the District of South Dakota.

## BACKGROUND

### I. YIN'S APPLICATION FOR NATURALIZATION

Yin is a Chinese citizen seeking to become a United States citizen through the naturalization process. (Petition ¶ 2, Docket No. 1.) At the time Yin brought this action, she was "a Lawful Permanent Resident . . . of the United States" and resided in Rapid City, South Dakota. (*Id.* ¶ 1; *see also* Reply at 1, Docket No. 32.)

In February 2002, Yin married Frank Kmiec, a U.S. citizen. (Petition ¶ 5, Docket No. 1, Administrative Record at 18, 240.) On September 28, 2005, Yin obtained her U.S. Permanent Resident card. (Petition ¶ 5, Docket No. 1; Administrative Record at 70.) On

January 9, 2006, Kmiec commenced employment with Fallon Neon, a visual products company headquartered in Spartanburg, South Carolina. (Docket No. 16.) Kmiec relocated with Yin to Shanghai, China, to become the General Manager of the Fallon Neon manufacturing facility in Shanghai. (Petition, Ex. 2, Docket No. 1.) On September 29, 2006, while living with her husband in China, Yin filed an application for naturalization pursuant to 8 U.S.C. § 1430(b). (*Id.*, Ex. 1.)

Generally, an applicant for naturalization must reside continuously in the United States for five years – or three years if the applicant is married to a United States citizen – immediately prior to the date of application and must continue to reside in the United States until the time of admission to citizenship. 8 U.S.C. §§ 1427(a), 1430(a). Under § 1430(b), however, an applicant may be exempt from the residency requirement if the applicant is married to a U.S. citizen who is employed by an American company abroad. Section 1430(b) provides that an applicant

> (1) whose spouse is (A) a citizen of the United States, (B) in the employment . . . of an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States, or a subsidiary thereof, . . .and (C) regularly stationed abroad in such employment, and (2) who is in the United States at the time of naturalization, and (3) who declares before the Attorney General in good faith an intention to take up residence within the United States immediately upon the termination of such employment abroad of the citizen spouse, may be naturalized upon compliance with all the requirements of the naturalization laws[.]

*Id.* § 1430(b).

The USCIS interviewed Yin on January 31, 2007, regarding her application for naturalization. (Petition, Ex. 5, Docket No. 1.) The USCIS asked Yin to provide

(1) proof that Kmiec was still working for Fallon Neon; (2) documentation of the relationship between Fallon Neon's Shanghai office and its United States office; (3) proof that Yin and Kmiec were still living in marital union; and (4) a signed statement that Yin intended to move back to the United States with Kmiec if and when his employment with Fallon Neon ended. (*Id.*, Ex. 6.) On the same date, Fallon Neon sent a letter to the USCIS stating, "The employment relationship with Frank Kmiec and Fallon Neon, Shanghai ceased on [January 12, 2007]. . . . He will be on the payroll and paid through [March 26, 2007]." (Docket No. 16.)

On March 28, 2007, the USCIS denied Yin's application for naturalization. The USCIS determined that Yin was not eligible for naturalization under § 1430(b) because Fallon Neon terminated Kmiec's employment on January 12, 2007, and thus Yin's spouse was not employed by an American company abroad. (Petition, Ex. 7 at 2, Docket No. 1.) On May 21, 2007, Yin requested a hearing before the USCIS addressing the denial of her naturalization application. (*Id.*, Ex. 8.) On November 13, 2007, the USCIS interviewed Yin again, and Yin testified that she and Kmiec were presently self-employed in China at a business that Yin owned before she and Kmiec married. (Feb. 19, 2009, USCIS Letter at 3, Docket No. 15.) Yin explained that she and Kmiec remained in China to run that business after Kmiec's employment with Fallon Neon ended. (*Id.* at 4.)

On December 31, 2009, after the USCIS failed to act on Yin's administrative appeal, Yin brought this action, alleging that the USCIS "unlawfully and unreasonably delayed" making a decision on her petition for naturalization. (Petition ¶ 2, Docket

No. 1.) Yin claimed that the Court had jurisdiction over the case under 8 U.S.C. § 1447(b) because at the time she filed the complaint, the USCIS had "failed to adjudicate the application despite the passage of more that 120 days since [Yin's] naturalization examination." (*Id.* ¶ 4.) On February 19, 2009, the USCIS denied Yin's appeal of the initial decision on her naturalization application. (Feb. 19, 2009, USCIS Letter, Docket No. 15.) On March 2, 2009, defendants filed a motion to dismiss or for summary judgment. (Docket No. 4.) On March 17, 2009, Yin filed a motion "to compel defendants to answer her complaint, . . . for summary judgment, and [for] an order directed at [the USCIS] to grant her [United States Citizenship]." (Docket No. 9.)

## II. REPORT AND RECOMMENDATION

In a Report and Recommendation, the Magistrate Judge recommended that the Court grant defendants' motion and deny Yin's motion. (Report and Recommendation at 10-11, Docket No. 25.) In particular, the Magistrate Judge concluded that the Court had jurisdiction to review the USCIS's final decision of February 19. (*Id.* at 4-5.) The Magistrate Judge further concluded that although Fallon Neon was a subsidiary of an American company for the purposes of § 1430(b), the Court should deny Yin's application because Kmiec was not employed by Fallon Neon at the time of Yin's interview and would not be employed by Fallon Neon on the prospective date of her naturalization. (*Id.* at 6-10.)

Yin filed objections challenging the Magistrate Judge's interpretation of § 1430(b)'s statutory requirements. Yin argues that Congress intended that a

naturalization applicant need only meet the § 1430(b) requirements at the time of the filing, not at the time of the USCIS interview or at the time of naturalization. (Objections to Report & Recommendation at 3-7, Docket No. 28.) Defendants filed a response, which objected to the Magistrate Judge's conclusion that the Court had jurisdiction to hear the case. (Response to Objections at 4-6, Docket No. 31.)

## DISCUSSION

### I. JURISDICTION

Yin originally brought this action pursuant to 8 U.S.C. § 1447(b), which provides that if the USCIS fails to make a determination regarding a naturalization application within 120 days after the USCIS conducts an examination, "the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter." Approximately two months after Yin filed her complaint, however, the USCIS sent Yin a letter denying her appeal of the initial USCIS determination that Yin did not satisfy the § 1430(b) requirements. The Magistrate Judge concluded that although the USCIS's decision on the appeal rendered Yin's original claim under § 1430(b) moot, the Court had jurisdiction under 8 U.S.C. § 1421(c) to hear Yin's appeal from the USCIS's final ruling.[1] (*Id.*); s*ee Hamdan v. Chertoff*, 626 F. Supp. 2d 1119, 1138-39 (D.N.M. 2007).

---

[1] The Magistrate Judge stated: "At the hearing, [defendants] noted that, based on the face of the Complaint, [Yin's] claim was moot because after she filed her Complaint, USCIS ruled on her appeal. [Defendants] acknowledged however that [Yin] could easily amend her Complaint to appeal USCIS' final ruling on her application. (Report & Recommendation at 5, Docket No. 25.)

Section 1421(c) states:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title,[2] **may seek review of such denial before the United States district court for the district in which such person resides** . . . . Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application.

8 U.S.C. § 1421(c) (emphasis added).

Defendants object to the Magistrate Judge's conclusion that the Court has jurisdiction, arguing that § 1421(c) requires Yin to bring the action for review of the USCIS's final ruling in the United States District Court for the District of South Dakota, the state in which Yin resides. *See* 8 U.S.C. § 1421(c). The Court agrees: § 1421(c) establishes that the District of South Dakota has exclusive jurisdiction to hear Yin's claim.[3]

In *Omari v. Aschfort* [sic], the Court addressed a similar issue as it related to a Northern District of Texas resident who sought review in this Court of the USCIS's denial of an application for naturalization. No. Civ. 04-1740, 2005 WL 475345, at *2-3 (D. Minn. Feb. 18, 2005). The Court held:

> Section 1421(c) expressly mandates that an action seeking judicial review of the denial of an application for naturalization must be brought in "the

---

[2] Yin requested that the USCIS render a decision on her appeal immediately based on the record before it. (Feb. 19, 2009, USCIS Letter at 1, Docket No. 15.)

[3] Section 1447(b), the statutory provision under which Yin brought her original claim, similarly requires "[i]f there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted . . . , the applicant **may apply to the United States district court for the district in which the applicant resides for a hearing on the matter**." 8 U.S.C. § 1447(b) (emphasis added); *see also Hamdan*, 626 F. Supp. 2d at 1126-27, 1135-37.

United States district court for the district in which such person resides." It is abundantly clear that an action brought under § 1421(c) can be brought **only** in the district where the applicant resides, regardless of what the general federal venue statutes might otherwise provide.

*Id.* at *2. The Court found that the petitioner in *Omari* was a resident of the Northern District of Texas at the time he filed the action and, "[a]s a resident of the Northern District of Texas, Petitioner was required **by statute** to bring [the] action in that District. Section 1421(c) precludes him from seeking judicial review of his application for naturalization in any other district – including the District of Minnesota." *Id.* at *3.

Here, Yin does not dispute that at the time of the filing of her complaint she resided, and continues to reside, in South Dakota. (Petition ¶ 1, Docket No. 1; Reply to Response at 1, Docket No. 32.) Instead, Yin argues that because there is no United States Immigration Court or Immigration Field Office in South Dakota, and because the United States Immigration Court in Minnesota and the Saint Paul, Minnesota, Immigration Field Offices serve South Dakota, "[j]urisdiction is proper" in the federal district court for the District of Minnesota. (Reply to Defendants' Response at 1, Docket No. 32.) As this Court previously held, however, jurisdiction under § 1421(c) is appropriate only in "the United States district court for the district in which [the applicant] resides."[4] 8 U.S.C. § 1421(c).

---

[4] In her reply to defendants' response, Yin concedes that "[p]ursuant to 8 U.S.C. § 1421, a claim must be brought in the district where the applicant lives." (Reply to Response at 2, Docket No. 32.)

Because the Court does not have jurisdiction to review the USCIS's final ruling, the Court turns to the question of whether it must dismiss the action or transfer it to the District of South Dakota.

## II.   TRANSFER

Pursuant to 28 U.S.C. § 1631, "[f]ederal courts are authorized to transfer an action to the proper federal court in order to cure a want of jurisdiction." *Lopez v. Heinauer*, 332 F.3d 507, 511 (8th Cir. 2003). Section 1631 provides that

> [w]henever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

"The transfer statute is mandatory, indicating that a court 'shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed.'" *Lopez*, 332 F.3d at 511 (quoting § 1631) (emphasis omitted). If a case is obviously subject to dismissal due to untimeliness or some other readily apparent flaw, however, the interests of justice may not warrant transfer. *See In re Apex Oil Co.*, 884 F.2d 343, 346 (8th Cir. 1989) ("[Section] 1631 grants the district court power to transfer a case to the proper federal court when it determines that it lacks jurisdiction, provided that the transfer will be in the

interest of justice, and that, had the case been originally filed in the proper court, the filing would have been timely and jurisdictionally proper in that court.").

The Court concludes that the interests of justice support the transfer of Yin's case to the District of South Dakota. The primary substantive legal issue addressed in the Report and Recommendation and in the parties' objections is whether a naturalization applicant must satisfy the requirements under § 1430(b) at the time of the applicant's interview with the USCIS or the applicant's naturalization, or merely at the time the applicant applies for naturalization. (*See, e.g.*, Report & Recommendation at 5-10, Docket No. 25.) The Report and Recommendation and Yin's arguments indicate that there is no clear answer to that question in the statute or case law. (*Cf.* Response to Objections at 6, Docket No. 31 ("Here, the flaw in [Yin's] case is on the merits. It is not 'readily apparent' on the face of the Petition. Therefore, this action should be transferred to the District of South Dakota, Western Division, where petitioner resides, before the merits are reached.").) As a result, the Court finds that there is no readily apparent flaw supporting dismissal of Yin's claim, and transfer of the case is therefore appropriate.

As in *Omari*, the Court emphasizes that it makes no determination on the merits of the case and rejects as moot the Report and Recommendation to the extent that it interprets § 1430(b) or otherwise addresses the merits of Yin's § 1421(c) claim. *Cf. Omari*, 2005 WL 475345, at *4 ("It should be clearly understood, however, that this Court is not making any determination as to whether or not this action actually was filed in a timely manner." (emphasis omitted)). Rather, the Court concludes that it does not

have jurisdiction under § 1421(c) to review the USCIS's final ruling, and the interests of justice dictate that the Court transfer the case to the District of South Dakota.

**ORDER**

Based on the foregoing and the records, files, and proceedings herein, the Court **SUSTAINS** defendants' Objection as Stated in their Response to Petitioner's Objection [Docket No. 31 at 4-6], **OVERRULES as moot** p Plaintiff Hong Yin's Objections to the Report and Recommendation of the Magistrate Judge [Docket No. 2], and **REJECTS** the Magistrate Judge's Report and Recommendation dated June 10, 2009, [Docket No. 25]. Therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff Yin's Motion for Hearing [Docket No. 9] is **DENIED without prejudice**.

2. Defendants' Motion to Dismiss or for Summary Judgment [Docket No. 4] is **DENIED without prejudice.**

3. The Clerk of Court is **DIRECTED** to transfer this action to the United States District Court for the District of South Dakota, Western Division, pursuant to 28 U.S.C. § 1631.

DATED: February 22, 2010                 ____s/ John R. Tunheim____
at Minneapolis, Minnesota.                        JOHN R. TUNHEIM
                                                   United States District Judge